UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In Re
Maer Ayngorn                                Case # 13-45495 nhl
Debtors.
----------------------------------X

**STIPULATION SETTLING DISPUTE AS TO CLAIM OF LAZAR LEYBOVICH**

     Richard E. O'Connell (the "Trustee"), Chapter 7 trustee of Maer Ayngorn, and Creditor Lazar Leybovich ("Mr. Leybovich"), enter into the following Stipulation, dated March 2, 2016

     1. Mr. Leybovich filed Proof of Claim # 6 (the "Leybovich Claim") on November 26, 2014, asserting a claim therein in the amount of $153,417.01, and stating at § 4 thereof that such claim was fully secured in the amount of $153,417.01,, and that the unsecured amount of such claim was $0.00.  As set forth in the Leybovich Claim, the claim was stated to be secured by a "Judgment Recorded" in Dade County, Florida and in Kings County, Brooklyn, and attached thereto a copy of a Judgment recorded on September 13, 2013 in Supreme Court, Kings County, in which County the Debtor owned an interest in real property at 2334 E. 64th Street, Brooklyn, NY 11234 (the "East 64th Street Property").

     2.  On December 3, 2015, the Trustee filed his Final Report and Account (the "Final Account").  At Form 1, attached to the Final Account, the Trustee noted, with respect to the East 64th Street Property, that

> This property abandoned per Notice dated May 1, 2015. No objections having been filed, abandonment became effective as of May 22, 2015.

At Exhibit C, p 2, to the Final Account, the Trustee listed the Leybovich Claim as an allowed fully secured claim, as filed by Mr. Leybovich, noting further there as follows:

> Proof of Claim asserts fully secured claim; basis for perfection, "Judgment Recorded". Amount of secured claim $153,417.01; Amount Unsecured: $_. Debtor's

Gg/s/authem2mar16

interest in property in Brooklyn at 2334 E. 64th Street, Brooklyn, NY 11234 abandoned pursuant to Notice filed 5/1/15. No objections filed, and became effective on May 1, 2015. As a fully secured claim, no distribution will be made.

3. On December 28, 2015, the United States Trustee, having approved the Final Account, filed the Final Account on the Docket of this Court at Item No. 59.  On the same day, Mr. Leybovich filed Amended Proof of Claim 6-2 (the "Amended Leybovich Claim"), asserting an Amended Claim therein in the amount of $153,417.01, and stating at § 9 thereof that "No… part of the claim [is] secured against the Estate herein", and that "Amount of the claim is unsecured [is] $153,417.01." In the Amended Leybovich Claim, Mr. Leybovich stated that the basis of his fully unsecured claim was "Judgment filed in Kings County Brooklyn and in Eleventh Circuit Court in Miami-Dade County, Florida".

4. The Trustee has advised the undersigned attorney for Mr. Leybovich that he disputes the unsecured classification of the Amended Leybovich Claim, and that, were this dispute not settled, he would be prepared to file Objections to the allowance of the Amended Leybovich Claim, based on, *inter alia,* the doctrine of Judicial Estoppel, as well as upon the absence both from the Leybovich Claim and the Amended Leybovich Claim of sufficient evidence to demonstrate the underlying debt, if any, and the amount thereof.  Mr. Leybovich takes the position that, were the Trustee to file Objections to the Amended Leybovich Claim, the Trustee would not be successful therein, and that the Amended Leybovich Claim would be allowed in full, as an unsecured claim in the full amount of $153,417.01 based on the Full Faith and Credit Clause of the United States Constitution and the doctrine of *res judicata.*

5. Except for the resolution of his dispute with respect to the Amended Leybovich Claim, the Trustee has

completed administration of the Debtor's Estate, is currently holding the sum of $ 49,505.90, and upon resolution of the Leybovich Claim will be prepared to file and bring on for hearing an Amended Final Report and Account (the "TFR").  Were the Amended Leybovich Claim to be allowed in full, the Trustee currently calculates that – after payment of Administrative expense claims of $31,892.63, including the legal fees of his attorneys and expenses of his attorneys in the voluntarily reduced amount of $26,142.63, and trustee's commissions of $5,750 – the then remaining balance of $17,613.27 would yield a dividend of 8.28 percent to general unsecured creditors (including Mr. Leybovich) holding claims totaling $210,282.99.  The dividend paid to Mr. Leybovich in respect of the Amended Leybovich Claim would total $12,850.18 (the "Maximum Leybovich Unsecured Dividend").

     6.  In view of the amount of funds available for payment in respect of general unsecured claims, and the cost of litigating the disputes between the Trustee and Mr. Leybovich with respect to the Amended Leybovich Claim, the parties hereto have determined to settle their disputes amicably, and to that end have entered into the following agreement.

### THE PARTIES' AGREEMENT

     7.  The parties agree that the dividend to be paid to Mr. Leybovich on the Amended Leybovich Claim shall be $7,425 and that, in order to yield such dividend, the unsecured portion of Leybovich Claim shall be reduced to the allowed amount of $41,442.75 (the "Allowed Leybovich Unsecured Claim"), yielding a dividend percentage of 17.92 percent to all creditors.  The balance of the Leybovich Claim shall be classified as fully secured in the amount of $111,974.25.

Gg/s/authem2mar16

8. Annexed hereto, as an Excel spread sheet, is a Proposed Distribution calculation made by the Trustee (the "Proposed Distribution Calculation"), which the Trustee shall incorporate into his TFR, which he shall file within one week after Mr. Leybovich shall have further amended the Amended Leybovich Claim in order to assert a Second Amended Leybovich Claim, in the amounts, and classified, as set forth in ¶ 7, *supra* (the "Second Amended Leybovich Claim"). Mr. Leybovich has made such review of the Proposed Distribution Calculation as he deems necessary under the circumstances and does not dispute the accuracy of the Trustee's calculation, based upon the amounts set forth in this Stipulation.

9. Within one week after the signing of this Stipulation by both parties, Mr. Leybovich shall file the Second Amended Leybovich Claim, and shall attach to such Second Amended Leybovich Claim a copy of this Stipulation as an Exhibit.

Dated:  March 2, 2016

/s/ Richard E. O'Connell
Richard E. O'Connell
Chapter 7 Trustee
Post Office Box 405
Whitestone, New York 11357
718-767-6400

Ginsburg & Associates
By /s/ Gary Ginsburg
Attorney for Lazar Leybovich
Creditor
421 Broadway
Lawrence, NY 11559
917-804-3379

Gg/s/authem2mar16

**Exhibit**
**¶ 8 Spread Sheet**

| Distribution to creditors with $153,417.01 Leybovich allowed unsec'd claim | | | |
|---|---|---|---|
| Net Bal on hand for creds | $ 17,613.27 | Dist | pctge |
| | | | 0.083759842 |
| 1. Atlas Acq | $ 16,876.60 | $ 1,413.58 | 0.083759842 |
| 2. Discover Bank | $ 18,319.23 | $ 1,534.42 | 0.083759842 |
| 3. Asset Acceptance | $ 1,798.36 | $ 150.63 | 0.083759842 |
| 4. Toyota Credit | $ 5,544.64 | $ 464.42 | 0.083759842 |
| 5. Amex Bank | $ 14,327.16 | $ 1,200.04 | 0.083759842 |
| 6. Leybovich | $153,417.00 | $ 12,850.18 | 0.083759842 |
| Total | $210,282.99 | $ 17,613.27 | 0.083759842 |

| Distribution to creditors with $41,442.75 Leybovich allowed unsec'd claim | | | |
|---|---|---|---|
| Net Bal on hand for creds | $ 17,613.27 | Dist | pctge |
| | | | 0.1791628 |
| 1. Atlas Acq | $ 16,876.60 | $ 3,023.66 | 0.1791628 |
| 2. Discover Bank | $ 18,319.23 | $ 3,282.12 | 0.1791628 |
| 3. Asset Acceptance | $ 1,798.36 | $ 322.20 | 0.1791628 |
| 4. Toyota Credit | $ 5,544.64 | $ 993.39 | 0.1791628 |
| 5. Amex Bank | $ 14,327.16 | $ 2,566.89 | 0.1791628 |
| 6. Leybovich | $ 41,442.75 | $ 7,425.00 | 0.1791628 |
| Total | $ 98,308.74 | $ 17,613.27 | 0.1791628 |