Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, Third Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                                  Chapter 7


           MAER AYNGORN,                                              Case No. 1-13-45495-nhl

                Debtor.                                                         **NOTICE OF MOTION**

------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed Motion to avoid a lien, together with exhibits, the Debtor will move this Court on **November 1, 2016 at 11:00 A. M.,** before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge for the Eastern District of New York – Brooklyn Division, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East – Courtroom 2529, for an Order to allow the debtor to avoid a lien, pursuant to 11 U. S. C. §522(f).

**PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

Dated: Brooklyn, New York           */s/ Alla Kachan*
       September 1, 2016                Alla Kachan
                                              Law Office of Alla Kachan
                                              3099 Coney Island Avenue, 3rd Fl.
                                              Brooklyn, New York 11235
                                              Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, Third Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145Alla Kachan, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re                                                                              Chapter 7

           MAER AYNGORN,                                       Case No. **1-13-45495-nhl**

                  Debtor.                                                  **MOTION TO AVOID LIEN**

-----------------------------------------------------------X

      Maer Ayngorn, the Debtor in the above-captioned chapter 7 case (hereinafter, the "Debtor"), by undersigned counsel, respectfully requests that this Court enter an Order, pursuant to 11 U. S. C. §§ 522(f) and 105(a), allowing the Debtor to avoid lien that relates to the underlying discharged debt, which continues to impair the qualified homestead exemption. In support thereof, the Debtor avers as follows:

    **1.**    On September 10, 2014, the bankruptcy case was commenced by the filing of a voluntary petition under chapter 7 of the Bankruptcy Code, 11 U. S. C. § 101, et. seq.

    **2.**    A chapter 7 Trustee (Richard E. O'Connell) was appointed and, after investigation and administration, his final report was entered on May 31, 2016. *See* Trustee's Report, ECF Doc. No. 59.

    **3.**    Debtor listed one Lazar Leybovich as an unsecured creditor. On November 26, 2014 Leybovich asserted a claim in the amount of $153,417.01 based on a judgment recorded in Miami-Dade county, FL and Kings County, NY. Consequently, a lien based on that judgment was recorded against a property located at 2334 East 64th Street, Brooklyn, NY 11234. The

property was deemed abandoned by the Trustee as of May 22, 2015, as no objection to the final report has been filed. Leybovich subsequently attempted to amend the claim and the Trustee objected. The matter was settled by a Stipulation. *See* ECF Doc. 63.

**4.**   Debtor continues to use this Property as a primary residence. Although the debt was settled, the lien remains on the property.

**5.**   Section 522(f)(1) of the Bankruptcy Code allows a debtor to avoid a judgment lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." For purposes of this section, "a lien shall be considered to impair an exemption to the extent that the sum of – (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." *11 U.S.C. §522(f)(2)(A)*. In this context, the statute defines value to mean "fair market value as of the date of the filing of the petition." *11 U.S.C. §522(a)(1)*.

**6.**   "A simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa. 1989)", that was favorably cited by the Supreme Court in *Owen v. Owen,* 500 U.S. 305, 313, n. 5, 111 S.Ct. 1833, 1838, n. 5, 114 L.Ed.2d 350 (1991) is used to calculate whether the full avoidance of the judicial lien is to applied in this case.

**7.**   The full avoidance formula of *Brantz*, 106 B.R. at 68, states as follows:

1. Determine the value of the property on which a judicial lien is sought to be avoided. $471,216.00 (See Schedule A of Voluntary Petition, ECF Doc. No. 1),

2. Deduct the amount of all liens not to be avoided (all non-§ 522 liens) from (1). $471,216.00 - $383,638.25 = $87,577.75.

3. Deduct the allowable exemption. $87,577.750 - $150,000.00 = - $62,422.25.

4. Avoidance of all judicial liens results unless (3) is a positive figure.

**8.**     Since the claim has already been settled and the result in ¶ 12(3) is a negative one, the judicial lien should be voided within the meaning of the statute 11 U.S.C. § 522(f).

FOR the foregoing reasons, the Debtor now respectfully requests that the Court grants:

a)     An Order to avoid the judgment lien in the amount of $153,417.01 with the costs and interests from the date of the judgment as the said lien impairs the homestead exemption;

b)     Grant such other relief as just and proper.


Dated: Brooklyn, New York                                    /s/ *Alla Kachan*
　　　　September 1, 2016                                   Alla Kachan
　　　　　　　　　　　　　　　　　　　　　　　　Law Office of Alla Kachan
　　　　　　　　　　　　　　　　　　　　　　　　3099 Coney Island Avenue, 3rd Fl.
　　　　　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11235
　　　　　　　　　　　　　　　　　　　　　　　　Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, Third Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145 Alla Kachan, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                                                      Chapter 7

        MAER AYNGORN,                                  Case No. 1-13-45495-nhl

           Debtor.                                              **PROPOSED ORDER**

-------------------------------------------------------------X

### PROPOSED ORDER GRANTING MOTION TO AVOID JUDGMENT LIEN

The above-captioned debtor (the "debtor") having filed and served a motion (the "Motion") to avoid a lien which continues to impair the qualified homestead exemption, pursuant to 11 U. S. C. § 522(f), and after due and sufficient notice of the Motion on the chapter 7 trustee and all other necessary parties, there being no objection thereto; and the Court having reviewed the Motion;

and good cause to grant the relief requested, it is hereby

**ORDERED** that the Motion to avoid a lien held by Lazar Leybovich is granted.

Brooklyn, New York                    _____
                                                                    U. S. B. J.